IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00303–CMA–KMT

KEVIN CANADA,

    Plaintiff.

v.

UNITED STATES,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

Plaintiff filed his Amended Complaint on April 10, 2008, asserting claims for medical malpractice, negligence, and corruption against Defendant the United States. (Compl.) This matter is before the court on "Defendant's Renewed Motion for Judgment on the Pleadings" filed April 13, 2009. (Doc. No. 59, Mot.)

### STATEMENT OF THE CASE

Plaintiff's Complaint is not a model of clarity. Plaintiff claims an inexperienced surgeon operated on him; his surgery and outpatient care were poorly supervised; and Defendant tried to "cover up their malpractice and negligence by getting other doctors to lie . . . thus corrupting my current care and continuing to endanger my life." (Compl. at 1.) Plaintiff seeks money damages, as well as costs and fees. (*Id.* at 13.)

## STANDARD OF REVIEW

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### *2.* *Judgment on the Pleadings*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Federal Rule of

Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

If the court on a Rule 12(b)(6) and, consequently, also on a 12(c) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment. *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

**PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, filed his Complaint on April 10, 2009. (Compl.) On July 21, 2008, Defendant filed its Answer (Doc. No. 21), and on August 5, 2008, Defendant filed a "Motion for Judgment on the Pleadings" (Doc. No. 24) based on Plaintiff's failure to file a certificate of review pursuant to Colo. Rev. Stat. § 13–20–602(1)(a). At the scheduling conference in this case on August 7, 2008, Plaintiff was ordered to file a response to the motion

for judgment on the pleadings within thirty days. (Doc. No. 29.) On September 2, 2008, Plaintiff filed a document entitled "Certificate of Review." (Doc. No. 35.) On September 8, 2008, Defendant filed a "Response to Plaintiff's Certificate of Review," in which it stated the certificate of review was deficient. (Doc. No. 36.) Plaintiff failed to file a response to the Motion for Judgment on the Pleadings, and on September 10, 2008, this court ordered Plaintiff to file a response to the Motion for Judgment on the Pleadings and to Defendant's response to the certificate of review no later than September 22, 2008, showing good cause for his failure to file a certificate of review within the time period set forth under Colo. Rev. Stat. § 13–20–602(1)(a). (Doc. No. 37.)

On September 17, 2008, Attorney Andrew T. Brake entered his appearance on behalf of the plaintiff. (Doc. No. 38.) Mr. Brake filed a "Response to Defendant's Motion for Judgment on the Pleadings." (Doc. No. 41.) On September 22, 2008, Mr. Brake filed an "Unopposed Motion for Extension of Time to File a New and/or Supplemental Certificate of Review Pursuant to C.R.S., Section 13–20–602 and to Make Disclosures." (Doc. No. 43.) The court granted Plaintiff an extension of time until December 18, 2006, to file his certificate of review. (Doc. No. 45.) Based on this, the court also denied Defendant's Motion for Judgment on the Pleadings without prejudice as moot. (*Id.*) On January 5, 2009, the court granted Plaintiff another extension, up to and including January 17, 2009, to file a new and/or supplemental certificate of review. (Doc. No. 57.) No certificate of review was filed within the extended deadline.

On April 13, 2009, Defendant filed its "Renewed Motion for Judgment on the Pleadings." (Mot.) Attorney Brake filed a motion to withdraw as Plaintiff's counsel on April 21,

5

2009 (Doc. No. 62) and a motion for extension of time for the plaintiff to respond to the renewed motion for judgment on the pleadings (Doc. No. 63.) This court granted Mr. Brake's motion on April 22, 2009 (Doc. No. 65) and granted Plaintiff an extension of time until June 1, 2009, to file his response to the renewed motion for judgment on the pleadings (Doc. No. 66). Plaintiff filed his "Motion to Not Dismiss and Request for a Change of Venue" on June 1, 2009. (Resp.) "Defendant's Reply to Plaintiff's Motion to Not Dismiss and Request for Change of Venue" was filed on June 16, 2009. (Reply.) This matter is ripe for review and recommendation.

## ANALYSIS

Under the Federal Tort Claims Act, the United States is subjected to liability to the same extent that a private person would be liable under the law of the place the action is brought. 28 U.S.C. § 1346(b)(1). Colorado law provides that:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown . . . .

Colo. Rev. Stat. § 13–20–602(1)(a). "The statute applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty." *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992). "The purpose of a certificate of review is to demonstrate that the plaintiff has consulted a person who has expertise and that such person has concluded that the plaintiff's

claim is meritorious." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999). The certificate of review shall declare:

> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>
> (II) That the professional who has been consulted . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification . . . .

Colo. Rev. Stat. § 13–20–602(3)(a). "The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim." Colo. Rev. Stat. § 13-20-602(4).

The court agrees with Defendant that Colorado law requires a certificate of review with respect to the negligence claim being asserted against the United States. As noted above, the statute requiring a certificate of review "applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty." *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992).

Because the court has determined that expert testimony is required with respect to the negligence claim against Defendant, Plaintiff can avoid dismissal of this claim only by demonstrating that good cause exists for his failure to file a certificate of review within the time allowed by state law. *See Martinez*, 842 P.2d at 251. To determine whether good cause exists,

the court must consider "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2002). Although the "failure to satisfy any one of the three criteria" can demonstrate a lack of good cause, the court "must consider all three criteria because evidence relating to one factor may shed light on another." *Id.*

In response to the motion to dismiss, Plaintiff states he has contacted at least fifty attorneys who cannot accept his case for one reason or another. (Resp. at 1.) Plaintiff states he saw an ENT doctor who told Plaintiff "[he] can expect to live a life in misery and of course wants to do more surgery [but] notes nothing in his medical records." (*Id.* at 2.) He states he "had to go to Wash, DC just to find a half way honest doctor, Dr. Bash who wrote a very strong letter stating all [Plaintiff's] problems stem from these botched ear implant surgeries the VA did and an inexperienced VA resident doctor who did them, . . ."[1] (*Id.*)

Plaintiff has been placed on notice regarding the certificate of review requirement since Defendant filed its Answer on July 21, 2008. Plaintiff was given additional notice upon the

---

[1] Plaintiff attaches Dr. Bash's CV and a report written by Dr. Bash to his response. In deciding a motion filed under Rule 12(b)(6), the court cannot consider matters outside the complaint without converting the motion to a Rule 56 motion for summary judgment. *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001). However, to the extent Plaintiff seeks to offer Dr. Bash's report in lieu of the certificate of review, it is not proper for a trial court to accept expert reports in place of a certificate of review. *Alpine Bank v. Hubbell*, Civ. Action No. 05–cv–00026–EWN–PAC, 2006 WL 2331087, at *5 (D. Colo. Aug. 10, 2006) (quoting *Shelton*, 984 P.2d at 628).

filing of Defendant's original motion for judgment on the pleadings filed on August 5, 2008, and during the scheduling conference held on August 7, 2008. Thereafter, Plaintiff has been given multiple extensions to file a proper certificate of review and has not done so. Plaintiff has not convinced this court that his failure to file a certificate of review is due to excusable neglect. Plaintiff does not have a meritorious defense for failing to comply with the statute, as he is now more than one year past the deadline for filing the certificate of review, and Defendant initially sought dismissal based on Plaintiff's failure to file a certificate of review only two weeks after it had filed its Answer. *See RMB Services, Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App. 2006). Although Defendant has not argued and this court cannot find any prejudice in allowing Plaintiff additional time to file a certificate of review, based on Plaintiff's history and his own representations to this court regarding the number of attorneys and physicians he has consulted, there is no reason to believe Plaintiff will be able to do so. Plaintiff has failed to demonstrate, with or without representation, good cause for his failure to file a certificate of review.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Renewed Motion for Judgment on the Pleadings" (Doc. No. 59) be GRANTED, and that this case be dismissed in its entirety, without prejudice.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of August, 2009.

                                            **BY THE COURT:**

                                            Kathleen M. Tafoya
                                            United States Magistrate Judge