**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00303-CMA-KMT

KEVIN CANADA,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING AUGUST 19, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 19, 2009 Recommendation by the Magistrate Judge that "Defendant's Renewed Motion for Judgment on the Pleadings" be GRANTED (Doc. # 73). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b).

Plaintiff is suing under the Federal Tort Claims Act for medical malpractice. *See* 28 U.S.C. §§ 1346 and 2671 *et seq*. Although Plaintiff's complaint is not clear, the Court discerns that his claims involve surgical complications arising from a "botched ear implant", which he attributes to the negligence of medical professionals employed by the Department of Veterans Affairs. (*See* Doc. ## 5-7.) The relevant events occurred either in Denver, Colorado or Tampa, Florida or both.

The Magistrate Judge found that because Plaintiff is suing licensed professional(s), and because Plaintiff needs expert testimony to prove his case,

Plaintiff was required under Colorado law to file a certificate of review ("COR").[1]  Colo. Rev. Stat. § 13-20-602(1)(a).  He has not done so, despite several extensions of time.  (*See* Doc. ## 45, 57, 66.)

The purpose of the COR is to demonstrate that a plaintiff has consulted a person with expertise who then states (or fails to state) that the claim "does not lack substantial justification."  *See Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999).  The idea is to weed out frivolous claims.

Based on Plaintiff's failure to file the COR, Defendant has twice moved for judgment on the pleadings under Rule 12(c).  (*See* Doc. ## 24, 59.)  Aside from fulfilling the COR requirement, Plaintiff's other option was to show "good cause" to excuse the COR requirement in his case.  *See Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992).  The Magistrate Judge found Plaintiff failed to show "good cause" and recommended dismissing the case without prejudice.

The Magistrate Judge's Recommendation advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation.  (Doc. # 73 at 9.)  Despite this advisement, and despite the adverse recommendation, Plaintiff filed no objections to the Magistrate Judge's Recommendation.  "In the absence of timely objection, the district court may review a

---

[1] One of the limitations of the Federal Tort Claims Act is that liability can only be imposed "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Hence, Colorado law applies and, to the extent Plaintiff alleges events occurring in Florida, Florida law applies.

magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the Court is satisfied that the Recommendation of the Magistrate Judge is sound and that there is no clear error on the face of the record. *See* Fed.R.Civ.P. 72(a). Thus, insofar as Plaintiff states claims arising under Colorado law, the Court agrees this case should be dismissed.

In contrast to Plaintiff, Defendant did file an objection to the Recommendation, arguing additional grounds for dismissing Plaintiff's case. (*See* Doc. # 74.) Insofar as Plaintiff's complaint states a claim arising under Florida law, Defendant argues "that state's pre-suit certification requirements were not complied with . . . " either. Thus, Plaintiff's Florida-based claims should be denied as well. (*Id.* at 1.)

Under Florida law, a plaintiff seeking to bring a medical malpractice action must comply with a statutory pre-suit notice and screening. Fl. Stat. Ann. § 766.203 (2004)2 ("shall apply to all medical negligence claims and defenses"); *Largie v. Gregorian, M.D.*, 913 So. 2d 635, 638 (Fl. Dist. Ct. App. 2005). These requirements are essentially identical to those under Colorado law.

Because of Defendant's objection, the Court has conducted the requisite *de novo* review of the Florida-based claims, the Recommendation and Defendant's objection.

Based on this review, the Court observes that the Magistrate Judge did indeed limit her analysis to discussing Plaintiff's Colorado-based claims.

Thus, to the extent the Magistrate Judge omitted mention of Plaintiff's Florida-based claims, the Court supplements her Recommendation to add that, to the extent Plaintiff's complaint states a claim for relief arising under Florida law, those claims are dismissed for the same reasons as his Colorado-based claims: the state's pre-suit certification requirements were not complied with.

Accordingly, it is hereby

ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 73), filed August 19, 2009, is ACCEPTED, and, for the reasons cited therein, "Defendant's Renewed Motion for Judgment on the Pleadings," filed April 13, 2009, is GRANTED (Doc. # 59) and this civil action is hereby DISMISSED WITHOUT PREJUDICE.

DATED: December __11__, 2009

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge